*Tuesday, December 24, 1996*

## MOTION DOCKET

**94–2622.   State v. Otte.**
Cuyahoga App. No. 64617.   Upon consideration of the motion filed by counsel for appellant to continue stay of execution in the above-styled cause pending the exhaustion of state post-conviction remedies, and it appearing from the exhibits to the motion that a petition for post-conviction relief has been filed by appellant with the Cuyahoga County Common Pleas Court,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED by the court that execution of sentence be, and the same is hereby, stayed pending the exhaustion of all proceedings for post-conviction relief before courts of this state, including any appeals.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

**96–2641.   In re Hitchcock.**
Cuyahoga App. Nos. 69291 and 69292.   This cause is pending before the court as a discretionary appeal and a claimed appeal of right.   Upon consideration of the motion to stay proceedings pending this appeal filed by appellants Abdul and Mary Abdullah,

IT IS ORDERED by the court that the motion to stay proceedings be, and hereby is, denied as moot.

## RECONSIDERATION DOCKET

**96–2328.   State ex rel. Guess v. Clerks, Common Pleas Court.**
Franklin App. No. 96APD05–660.   Reported at 77 Ohio St.3d 1464, 672 N.E.2d 1121.   IT IS ORDERED by the court that the motion for reconsideration in this case be, and hereby is, denied, effective December 17, 1996.

## MISCELLANEOUS DISMISSALS

**96–2741.   State v. Martin.**
Lake App. No. 93–L–042.   On December 12, 1996, appellant filed a notice of appeal from a judgment of the Lake County Court of Appeals entered in case No. 93–L–042 on November 12, 1996, and a memorandum in support of jurisdiction.   Attached to appellant's memorandum is a copy of the judgment entry being appealed, as required by S.Ct.Prac.R. III(1)(D).   The judgment entry bears a stamp indicating that it was filed with the clerk of the court of appeals on October 21, 1996.   Whereas the date the court of appeals filed its judgment entry for journalization with its clerk is, according to S.Ct.Prac.R. II(2)(A)(1), the date of entry of the judgment being appealed and, whereas appellant did not file his notice of appeal within forty-five days from the date of entry of the judgment being appealed,

IT IS ORDERED by the court, *sua sponte,* that this cause be, and hereby is, dismissed as untimely.